IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mercedes Navarro,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 08-642-PHX-PGR (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

This matter comes before this Court upon consideration of a *pro se* Petition for Writ of Habeas Corpus, filed on April 2, 2008, by Petitioner Mercedes Navarro, who is confined in the Arizona State Prison. (Doc. #1.)  Respondents filed an Answer on June 19, 2008 (Doc. #7), and Petitioner did not file a Reply.

**BACKGROUND**

Petitioner was charged in the Maricopa County Superior Court, State of Arizona, in an Indictment charging two felony counts of Possession of Narcotic Drugs for Sale (heroin, cocaine), and one count of  felony Possession of Dangerous Drugs for Sale (methamphetamine), alleged to have occurred on November 5, 1999. (Doc. #7, Exh. A, at 11; Exh. E, at 1.)  The state filed an allegation of three historical prior felony convictions. (Doc. #7, Exh. E, at 1.)  Following a jury trial, *in absentia*, Petitioner was convicted as charged. (Doc. #7, Exh. B, at 179-80.)  After a hearing on the allegation of prior felony

1 convictions, the trial court found that Petitioner had two historical prior felony convictions. 2 (Doc. #7, Exh. C, at 17.) On May 15, 2005, the trial court sentenced her to supermitigated, 3 concurrent terms of 10½ years' imprisonment on each count. (Doc. #7, Exh. D, at 5.)

Petitioner appealed her sentence to the Arizona Court of Appeals, raising one issue: did the trial court err by failing to give her credit for presentence incarceration on Courts II and III, which were ordered to run concurrent with Count I. (Doc. #7, Exh. E, at 5.) On March 20, 2006, the appellate court issued a memorandum decision, affirming Petitioner's conviction, but modifying her sentence to reflect that she be given credit for 183 days presentence incarceration on Counts I, II and III. (Doc. #7, Exh. F, at 3.)

During the pendency of her appeal, Petitioner filed a notice of post-conviction relief in the Maricopa County Superior Court. (Doc. #7, Exh. G.) Petitioner's attorney filed a motion to dismiss the post-conviction relief ("PCR") matter without prejudice, for the reason that the direct appeal was still pending. (Doc. #7, Exh. H.) On September 16, 2005, that motion was granted by the court. (Doc. #7, Exh. I.)

On April 26, 2006, following the conclusion of her direct appeal, Petitioner filed her second notice of post-conviction relief in the trial court. (Doc. #7, Exh. J.) Petitioner's appointed counsel then filed a "Notice of Completion of Post-Conviction Review," indicating that he had reviewed the file, and was "unable to find any claim for relief in post-conviction proceedings." (Doc. #7, Exh. K, at 1.) He also requested that the court grant Petitioner 30 days to file a *pro se* PCR. (Id., at 2.)

On November 15, 2006, Petitioner filed her *pro se* PCR, raising the following claims for relief[1]:

> The introduction at trial of a coerced confession.
>
> The introduction at trial of a statement obtained in the absence of a lawyer at a time when representation is constitutionally required.

---

[1] Petitioner utilized a form "Petition for Post-Conviction Relief" that listed several claims for relief. Petitioner signified the claims she wanted to raise by checking the boxes next to these "form" claims.

- 2 -

>Any other infringement of the right against self-incrimination.
>
>The denial of the constitutional right to representation by a competent lawyer at every critical stage of the proceeding.
>
>The abridgement of any other right guaranteed by the constitution or the laws of this state, or the constitution of the United States, including a right that was not recognized as existing at the time of the trial if retrospective application of that right is required.
>
>The use by the state in determining sentence of a prior conviction obtained in violation of the United States or Arizona constitution.

(Doc. #7, Exh. L, at 2-3.)

Petitioner attached as supporting evidence of her claims, her handwritten "Facts for Petition:"

1) Robert Ellig, public defender never offered a plea agreement at any time (Incompetent Representation).

2) Sentenced with old priors in 1991 (Incompetent Representation).

3) I cannot <u>read</u> or write English or Spanish. I had no idea what was going on (Violation of Constitutional Rights).

4) In court room a headset was provided but everyone spoke too fast (Incompetent Representation).

5) Police threatened me with taking my children if I did not comply with a confession (Infringement of Right to Self incriminate).

6) Was denied legal representation upon being arrested (Denied Lawyer at Critical Stage).

Petitioner provided no documents in support of her PCR claims, no references to the record, and no additional factual assertions. (Doc. #7, Exh. L, at 3, 6.)

The trial court dismissed Petitioner's petition on June 6, 2007, determining that "none of [petitioner]'s claims presents a material issue of fact of law that would entitle her to relief, and further determines that no purpose would be served by any further proceedings." (Doc. #7, Exh. M.) The court further held that "[a]s to [petitioner]'s claim of ineffective assistance of Counsel, the Court finds that the defendant has failed to establish either that Counsel's performance was deficient or that prejudice was the result." (<u>Id.</u>) Petitioner did not file a petition for review to the Arizona Court of Appeals. (Doc. #7, at 5.)

1   On April 2, 2008, Petitioner filed her Petition for Writ of Habeas Corpus. (Doc. #1.) In
2   it, she raised the following claims:

3   <u>Ground 1</u>: Ineffective assistance of counsel, in violation of the Sixth Amendment, in that
4   she was never "offered a Rule 11," and did not "understand anything that was going on in
5   court."

6   <u>Ground 2</u>: Ineffective assistance of counsel, in violation of the Sixth Amendment, in that
7   her trial counsel did not inform her of the trial date, and she was therefore tried *in absentia*.

8   <u>Ground 3</u>: Ineffective assistance of counsel, in violation of the Sixth Amendment, in that
9   her trial counsel "never offered a plea offer," and "there was never a settlement conference."

10  <u>Ground 4</u>: Ineffective assistance of counsel, in violation of the Sixth Amendment, in that
11  she was "tried with thoes prior convictions which she should not have been because they
12  were under the grounds of Rule 11."

13  Respondents argue in their Answer that all of Petitioner's habeas claims are procedurally
14  defaulted, as Petitioner did not present her claims to the state court in a procedurally
15  appropriate manner.

## DISCUSSION

### Exhaustion and Procedural Default

18  A writ of habeas corpus may *not* be granted unless it appears that a petitioner has properly
19  exhausted all *available* state court remedies. 28 U.S.C. § 2254(b)(1); see also <u>Coleman v.</u>
20  <u>Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). As the Ninth
21  Circuit has explained:

> The Supreme Court has held that if a "petitioner [has] failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," his claims are procedurally defaulted for purposes of federal habeas review.

<u>Smith v. Baldwin</u>, 466 F.3d 805, 811-12 (9th Cir. 2006) (citing, <u>Coleman</u>, 501 U.S. at 735 n. 1).

26  To properly exhaust state remedies, a petitioner must "fairly present" his claims to the
27  highest state court, as mandated under state law, in a procedurally appropriate manner.
28  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848 (1999). An Arizona petitioner sentenced *to less*

1 *than the death penalty* may exhaust his federal claims by presenting them in a procedurally
2 proper way to the Arizona Court of Appeals, either on direct appeal or in post-conviction
3 proceedings, but he need not seek discretionary review in the Arizona Supreme Court.
4 Crowell v. Knowles, 483 F.Supp.2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989
5 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions
6 involving less than a death sentence); cf. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir.
7 1999) (citing pre-1989 statutory amendment); Castillo v. McFadden, 399 F.3d 993, 998 n.3
8 (9th Cir.), cert. denied 126 S.Ct. 348 (2005) (same).

9       To properly exhaust claims raised in a state PCR, a Petitioner must file a timely
10 petition for review in the Arizona Court of Appeals. State law provides in relevant part that
11 "[w]ithin thirty days after the final decision of the trial court on the petition for post-
12 conviction relief . . . any party aggrieved may petition the appropriate appellate court for
13 review of the actions of the trial court." Ariz. R. Crim.P. 32.9(c). A claim has been fairly
14 presented if the petitioner has described both the operative facts and the federal legal theory
15 on which the claim is based. See Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001);
16 Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir. 1994), overruled on other
17 grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc). The exhaustion
18 requirement will not be met where the petitioner fails to fairly present his claims. See
19 Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

20       The federal court will not consider claims not fairly presented unless the petitioner can
21 demonstrate that a miscarriage of justice would result, or establish cause for his
22 noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995);
23 Coleman, 501 U.S. at 750-51; Murray v. Carrier, 477 U.S. 478, 495-96 (1986). To establish
24 cause, a petitioner must establish that some objective factor external to the defense impeded
25 her efforts to comply with the state's procedural rules. Id. The following objective factors
26 may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal
27 basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance
28 of counsel. Id. To establish prejudice, a prisoner must demonstrate that the alleged

constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982). Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96. To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup, 513 U.S. at 327; 28 U.S.C. § 2254(c)(2)(B).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring); Rose, 455 U.S. at 519-20. Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

If the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); White v. Lewis, 874 F.2d 599, 602-05 (9th Cir. 1989).

## Law and Applicable Facts

Petitioner did not raise any of her habeas claims on direct appeal. Only two of Petitioner's habeas claims are common to her PCR claims: that of ineffective assistance of trial counsel for failing to offer a plea agreement, and because Petitioner was sentenced with "old priors." Even if all habeas claims were common to the PCR, and fairly presented to the trial court, Petitioner did not seek appellate review of the trial court's denial of her PCR, and thus has not satisfied the exhaustion requirement. As previously stated, in order to satisfy the exhaustion requirement, each claim must be presented to every level of state court in a procedurally correct manner. 28 U.S.C. 2254(b)(1)(A); Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Castillo, 399 U.S. at 998. By not seeking appellate review of the trial court's decision, Petitioner failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Petitioner's claims are not exhausted.

Petitioner's claims are procedurally barred because at this late date she cannot return to the state courts to present her claims. See Ariz. R.Crim. P. 32.1, 32.2(a) & (b); see generally Stewart v. Smith, 536 U.S. 856, 860-61 (2002)(holding that Rule 32.2(a) is an adequate and independent procedural bar). She would also be time-barred from seeking appellate review of the trial court's denial of her PCR. See Ariz. R. Crim. P. 32.9(c). Any return now to state court would therefore be futile: thus, Petitioner's claims are procedurally defaulted. Furthermore, Petitioner has not claimed or demonstrated that a miscarriage of justice would result if her claims are not considered, or that cause exists for her noncompliance with state procedural rules.

///

///

///

///

///

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. The objections shall not exceed 15 pages in length. Thereafter, the parties have ten days within which to file a response to the objections. The responses shall not exceed 10 pages in length. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 24th day of October, 2008.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge

- 8 -